IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 cr 14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JAMES HARLEY MANEY, JR. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Notice to Defendant on How to Claim Exemptions (#67) which was served by the Government upon the Defendant on October 29, 2015 (#68, p. 3). On November 16, 2015, Defendant filed a Response to the Notice to Defendant on How to Claim Exemptions and set forth on the document various claims for exemptions and requested a court hearing to decide the validity of his claims.

The Government filed a Response (#68) to the request for hearing contending that Defendant was not entitled to a hearing. Defendant, James Harley Maney, Jr. is appearing *pro se* and the Government is represented by AUSA Tiffany M. Mallory.

**Discussion**. 28 U.S.C. § 3202(d) provides:

> **(d) Hearing.---** By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as

1

practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited---

(1) to the probable validity of any claim of exemption by the judgment debtor;
(2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—

(A) the probable validity of the claim for the debt which is merged in the judgment; and
(B) the existence of good cause for setting aside such judgment.

This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

The Government contends that Defendant is not entitled to a hearing for the reason that the Defendant claims do not fall within any of the exceptions or listed exemptions. (#68) The undersigned finds that the statute provides otherwise. The statute is clear. 18 U.S.C. § 3202(d) says in pertinent part—The court that issued such order **shall** hold a hearing on such motion as soon as practicable. Based upon the direction of the statute, the undersigned will order a hearing. At the hearing, Defendant would have the burden of showing the validity of his various claims of exemption and at that time, the Court will determine whether any are valid. In any

2

event, the undersigned will follow the directive of the statute which orders the Court to hold a hearing when the Defendant has filed a request for such within the time provided by law. In this case, Defendant has met that time limit.

## ORDER

**IT IS, THEREFORE, ORDERED**, that a hearing, pursuant to 28 U.S.C. § 3202, be conducted by this Court regarding the claims for exemptions of the Defendant. The hearing shall be held **February 2, 2016 at 9:30 a.m**. in Courtroom #2 of the United States Courthouse in Asheville, NC. A copy of this Order shall be sent by mail to the Defendant at the address provided in his request for a hearing which is **33 Woodrow W. Welch Lane, Cherokee, NC 28719**. If Defendant does not appear at this hearing, then his claims for exemptions will be denied. The Government will be required to be present at the hearing through one of its Assistant United States Attorneys.

Signed: January 20, 2016

Dennis L. Howell
United States Magistrate Judge