IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 2:13CR00014-1 |
| ) | (Financial Litigation Unit) |
| JAMES HARLEY MANEY, JR., ) | |
| AKA/HARLEY MANEY, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| ) | |
| Garnishee. ) | |

**ORDER OF CONTINUING GARNISHMENT**

This matter is before the Court on the Answer of James Harley Maney, Jr., Defendant, filed on November 16, 2015, (Docket# 67), the Response of the United States filed on December 4, 2015, (Docket # 68); Answer of Garnishee, filed on January 12, 2016, (Docket# 69), by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on January 12, 2016, (Docket# 70).

On October 9, 2014, the Honorable Martin Reidinger, United States District Judge sentenced defendant to five (5) months incarceration for his conviction of theft by officers or employees of gaming establishments on Indian lands, and Aiding and Abetting in violation of 18 U.S.C. §§1168 and 2. A criminal judgment was entered against Defendant on October 14, 2014, (Docket #33). As part of the Judgment, Defendant was ordered to pay a $100.00 criminal assessment and restitution of $286,738.50 to his victims.

Subsequently, the United States sought to garnish Defendant's gaming per capita gaming revenue. On October 20, 2015, (Docket# 63), the Court entered a Writ of Continuing Garnishment as to the Eastern Band of Cherokee Indians. The United States is entitled to garnish

the per capita payments and has satisfied the prerequisites set forth in 15 U.S.C. §1673 and other applicable statutes.

The Defendant filed a pro se Answer and Request for Hearing on November 15, 2015, (Docket# 67). The Answer raised an objection that a portion of per capita distribution provided for child support ordered in the Cherokee Tribal Court of the Eastern Band of Cherokee Indians, File No. CV-04-241 and File No. CV 05-266 as well as a claim for exemptions. The United States filed a Response on December 4, 2015, (Docket# 68), stating that child support obligations are entitled to priority pursuant to 28 U.S.C. §3205(c)(8). The United States does not contest the distribution to child support.

The Tribe filed an answer on January 12, 2016, (Docket# 69) stating Defendant is subject to a current child support order in the Cherokee Court which has priority over the writ of garnishment. The Tribe's answer also set forth objections and defenses to the Government's right to garnish. On the basis of those objections, the Tribe requested this Court quash the government's garnishment. As to the Tribe's contention that the child support order has priority, the government does not contest the Tribe's position regarding child support.

The Tribe also objected to the garnishment on the basis that any garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions. There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the Clerk of Court, as is required, so that the Clerk may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime

Victims' Rights Act. The government is not permitted to cede its collection and distribution authority to the Tribe. This Court agrees that all funds collected by the government in all its criminal cases are Aproperly allocated,@ including those collected from garnished per capita distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the applicable laws.

On January 20, 2016, (Docket #71), the Court ordered a hearing regarding the claims for exemptions of the Defendant. The Defendant filed a Notice of Withdrawal on February 1, 2016, (Docket #72) of his claim for exemptions. On February 4, 2016, (Docket# 73), the Court Ordered the hearing cancelled and the defendant's claim for exemptions denied and dismissed.

IT IS HEREBY ORDERED that the Tribe's objections, defenses, or set-offs and its motion to quash be overruled and DENIED.

IT IS FURTHER ORDERED that an Order of Garnishment is hereby ENTERED in the amount of $286,513.50, computed through October 19, 2015, which attaches to each per capita distribution of gaming revenues that exceeds any court-ordered child support obligation be garnished in favor of the United States and, upon expiration of the child support obligation, that all such revenue be garnished in favor of the United States until Defendant's restitution debt is paid in full.

Signed: March 29, 2016

Dennis L. Howell
United States Magistrate Judge